IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN M. DENENBERG, | ) |
| | )     8:09CV3182 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )     MEMORANDUM AND ORDER |
| LED TECHNOLOGIES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the court on defendant's motion to dismiss for lack of personal jurisdiction, Filing No. 11, pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiff brought this action alleging copyright infringement against the defendant, because defendant used pictures of plaintiff's patients on defendant's various web sites to market infrared lamps. Defendant contends it did not direct any activity at the forum state of Nebraska and has not purposefully availed itself of this court's jurisdiction. The court has carefully reviewed the record, and in particular the briefs and indices of evidence, as well as the relevant caselaw, and finds the motion is denied at this time.

### STANDARD OF REVIEW

To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991) (citations omitted.) If the district court does not hold a hearing and instead relies on pleadings and affidavits, the court must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party. *Id.*

An analysis of personal jurisdiction occurs on two levels; first, whether the exercise of jurisdiction is proper under the forum state's long-arm statute. *Id*. at 1388; *Austad Co. v. Pennie & Edmonds,* 823 F.2d 223, 225 (8th Cir. 1987). Nebraska's long-arm statute, Neb. Rev. Stat. § 25-536 (2008), has been interpreted to extend jurisdiction over nonresident defendants to the fullest degree allowed by the Due Process Clause of United States Constitution. *Wagner v. Unicord Corp.*, 526 N.W.2d 74, 77 (Neb. 1995). Therefore, the court will address the second level, whether the exercise of personal jurisdiction comports with due process. *Austad Co.*, 823 F.2d at 225. The Nebraska long arm statute provides in relevant part, personal jurisdiction over a person

> [w]ho acts directly or by an agent" for one "(a) Transacting any business in this state; . . . (c) Causing tortious injury by an act or omission in this state; [or] (d) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state. . . .

Neb. Rev. Stat. § 25-536.

Due process requires that the defendant has minimum contacts with the forum such that the maintenance of the suit will not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)). To maintain personal jurisdiction, a defendant's contacts with the forum state must be more than "random, fortuitous, or attenuated." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985) (internal quotations omitted). Rather, sufficient contacts exist when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

In evaluating a defendant's reasonable anticipation, there must be "some act by which the defendant purposefully avails itself of the privilege of conduct activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475 (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)).  "Purposeful availment" means that the defendant's contacts with the forum state must not be "random, fortuitous, . . . attenuated," or the result of unilateral activity of a third person or another party.  *Id.* (internal quotations omitted).

In addition to the basic principles of due process, the court evaluates five factors in analyzing the constitutional requirements needed to sustain personal jurisdiction:  (1)  the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum state; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Digi-tel Holdings, Inc. v. Proteq Telecomm., Ltd.,* 89 F.3d 519, 522-23 (8th Cir. 1996), (citing *Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.*, 65 F.3d 1427, 1432 (8th Cir. 1995)).  The first three factors are considered to be primary, with the third factor distinguishing whether jurisdiction is specific or general.  See *Wessels*, 65 F.3d at 1432 n.4.  The latter two factors are considered "secondary factors."  *Minn. Mining & Mfg. Co. v. Nippon Carbide Indus. Co.,* 63 F.3d 694, 697 (8th Cir. 1995); *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas*, S.A., 51 F.3d 1383, 1388 (8th Cir. 1995).

Jurisdiction over a defendant is proper when the defendant's intentional conduct in another state is calculated to cause injury to the plaintiff in the forum state. *Calder v. Jones,* 465 U.S. 783, 791 (1984).  When a defendant's intentional and tortious actions are

expressly aimed at the forum, they must "reasonably anticipate being haled into court there." *Id.* at 790. In *Calder*, the defendants, residents of Florida, wrote an article in the National Enquirer that would have a potentially devastating impact on the plaintiff, a resident of California. The defendants claimed that a California court did not have jurisdiction over them as they had no contact with the state of California. However, the United States Supreme Court held that the defendants "knew that the brunt of the injury would be felt by the respondent in the State in which she lives and works and in which the National Enquirer has its largest circulation. . . . An individual injured in California need not go to Florida to seek redress from persons who, though remaining in Florida, knowingly cause the injury in California." *Id*. at 789-790.

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff need only make a prima facie case showing there is personal jurisdiction over the defendant." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 561 (8th Cir. 2003). The court "views the evidence in the light most favorable to the plaintiff and resolves all factual conflicts in the plaintiff's favor." *Id.* To withstand a motion under Fed. R. Civ. P. 12(b)(2), the plaintiff "must state sufficient facts in the complaint to support a reasonable inference that [defendants] may be subjected to the jurisdiction of the forum state." *Steinbuch v. Cutler,* 518 F.3d 580, 585 (8th Cir. 2008) (citing *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)). Plaintiff's prima facie case "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition thereto." *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008) (internal quotations and citations omitted). "While it is true that the plaintiff bears the ultimate burden of proof

on this issue, jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing." *Dakota Industries, Inc.*, 946 F.2d at 1387.

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n.3 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic*, 550 U.S. at 555). When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic*, 550 U.S. at 572. "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Id*. at 555. In other words, "the complaint must plead enough facts to state a claim for relief that is plausible." *Id.* at 1974. Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *See id*. at 1966; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged).

## DISCUSSION

Defendant states it is a limited liability company organized under the State of Colorado. The only two members of the business are Ronald L. Ferguson and Brent Safer, both of whom reside in Colorado. Defendant is not registered to do business in Nebraska; has no offices, telephone listings or employees in Nebraska; does not advertise

5

directly in Nebraska; does not own real or personal property in Nebraska; and does not pay taxes or maintain any bank accounts in Nebraska. Defendant contends that prior to the lawsuit, neither Mr. Ferguson or Mr. Safer knew plaintiff or had visited plaintiff's website.

Defendant further contends that it obtains all its photographs from iStockphoto which is a company that maintains databases of licensed photos for its clients, in exchange for a license fee. In addition, defendant had one outside marketing consultant prepare an infomercial. According to defendant, the marketing consultant obtained its own photos and defendant had no knowledge of the source of the photos. Defendant admits that thereafter it subsequently used the photos from the marketing consultant in other marketing materials. Defendant believed it had a right to use those pictures and contends that it had no knowledge of plaintiff or his web site. Accordingly, defendant argues it did not ever purposefully or intentionally avail itself of conducting activities in Nebraska. *See Burger King*, 471 U.S. at 475; *Dakota Indus., Inc.*, 946 F.2d at 1390 (intentional "effects" test). Defendant argues that it has made only two sales from its web site to Nebraska residents, one in 2006 and one in 2007. This, argues defendant, does not constitute continuous and systematic contacts that meet the minimum contacts test. Defendant contends that plaintiff's argument regarding the independent contractor or agent as it relates to vicarious liability, as discussed below, has no relationship to the issue of personal jurisdiction. Defendant also argues that there is no evidence of any agency relationship between it and the outside consultant; that the defendant did not authorize the specific conduct, nor did the defendant ratify the conduct of the consultant.

Plaintiff disagrees, arguing that defendant markets compact infrared lamps for therapeutic heating. It markets these lamps through dealers around the country and

through the Internet.  Because defendant markets via the Internet, plaintiff argues that he need only show general, and not specific jurisdiction, but contends he has jurisdiction under either standard.  It appears undisputed that one of the two infomercials contained 46 photographs belonging to the plaintiff. Defendant allegedly used 66 of plaintiff's copyrighted photographs and displayed them on the Internet.  Defendant used these pictures in both its infomercials and in other marketing endeavors.  In defendant's drop down menu, Nebraska is listed as an address where the infrared lamp can be shipped.

Further, plaintiff argues that defendant is vicariously liable for the actions of its marketing consultant.  See 3 The Law of Copyright (Nimmer) § 12.04[A]; *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1964) (discussing when respondeat superior applies to third parties).  The test is whether the defendant has a right and ability to supervise the infringing activities and had a direct financial interest in such activities. *Id.*  Plaintiff argues that both of these factors apply to the defendant.  The marketing consultant must have known that it did not have a license to use the plaintiff's photos.  This knowledge, argues plaintiff, is imputed to the defendant.  According to plaintiff, if defendant had used the photos directly, without the marketing consultant, this court would in fact have specific jurisdiction over defendant.  However, defendant must authorize the conduct or ratify the conduct of its agent to be liable.  Wessels, Arnold & Henderson, 65 F.3d at 1433.  Defendant argues the marketing consultant was an independent contractor, while plaintiff argues the marketing consultant was defendant's agent.

First, this court disagrees with plaintiff's argument that it has general jurisdiction in this case.  There are not sufficient, continuous contacts with the State of Nebraska, nor

are there sufficient Internet sales; the two sales that occurred apparently have no relationship to this case. Defendant has sold approximately 22,000 infrared lamps since 2004. Two sales via the Internet in Nebraska do not constitute systematic contacts so as to confer this Court's general jurisdiction over the defendant. Therefore, at this point in the case, the court will analyze this case as one of specific jurisdiction.

The relevant federal statute states: "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a).[1] Even in a copyright infringement action plaintiff must show more than just mere passive availment to confer specific jurisdiction. *See e.g., Joe Solo Prod., Inc. v. Dawson*, 2009 WL 2232856 *4 (N.D. Ohio 2009) ("Plaintiffs are unable to establish specific jurisdiction over the Moving Defendants because they cannot show that Defendants purposely availed themselves of the benefits of Ohio."). "Plaintiff must present something more than the injuries [he] allegedly suffered as a result of the out-of-forum [copyright] infringement." *Allison v. Wise*, 621 F. Supp. 2d 1114, 1120 (D. Colo. 2007) (internal quotations omitted). "That 'something more' is the requirement that the defendant has 'expressly aimed' his activities at the forum state such that the forum is the 'focal point' of the tort and the injury. . . ." *Id.*

The Nebraska long arm statute requires the defendant to transact business or own property in the state.[2] Clearly, there are no allegations at this point to show any business

---

[1] With regard to patent infringement, the language is somewhat different: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

[2] Defendant contends that it does not own any property in the State of Nebraska.

8

transactions as are required to obtain personal jurisdiction. Neb. Rev. Stat. § 25-536(a). However, plaintiff could establish personal jurisdiction by showing that a tortious injury was caused by an act or omission of the defendant in the State of Nebraska. Neb. Rev. Stat. § 25-536(c). That section provides for possible personal jurisdiction in this case, as the defendant, or its independent contractor or agent, apparently took the pictures from the plaintiff in Nebraska. Another possibility for jurisdiction is when a defendant caused injury in Nebraska but also does regular business or derives substantial revenue from goods used or consumed, or from persistent conduct outside of the state with injury in the state. Neb. Rev. Stat. § 25-536(d). This section might arguably apply, depending on the development of discovery and the facts surrounding the actions of both the defendant and the independent contractors or agents.

Under Nebraska law, "essential to a valid and effective ratification of an unauthorized act is the principal's complete knowledge of the unauthorized act and all matters related to it." *Western Fertilizer and Cordage Company, Inc. v. BRG, Inc.*, 424 N.W.2d 588, 595 (Neb. 1988) (citing *CIT Fin. Services of Kansas v. Egging Co.*, 253 N.W.2d 840 (1977); *Rodine v. Iowa Home Mut. Cas. Co.*, 106 N.W.2d 391 (Neb. 1960)).

> "No doctrine is better settled, both upon principle and authority, than this---that the ratification of an act of an agent previously unauthorized, must, in order to bind the principal, be with a full knowledge of all the material facts. If the material facts be either suppressed or unknown, the ratification is treated as invalid, because founded in mistake or fraud."

*Le BronElec. Works, Inc. v. Livingston*, 266 N.W. 589, 590 (Neb. 1936) (quoting *Owings v. Hull*, 9 Pet. 607, 629, 9 L.Ed. 246 (Story, J.))."

The court will deny the motion to dismiss at this point in the case. There is very little evidence before the court as to the relationship between the defendant and the

9

independent consultants/agents. The Eighth Circuit has held that damage in a copyright case occurs where the owner suffers the damage. *See Dakota Indus., Inc.,* 946 F.2d at 1388. The court finds that the harm to the plaintiff occurred in Nebraska. The court believes there is "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Bell Atlantic*, 550 U.S. at 556. Plaintiff is entitled to further develop this evidence. It is plausible that following discovery plaintiff can produce evidence regarding the knowledge of the defendant and/or evidence of the relationship between the defendant and the third parties that would establish personal jurisdiction. If that does not occur, defendant is free to file an appropriate motion, and the court will consider the motion or a motion to transfer the case to Colorado.

THEREFORE, IT IS ORDERED that defendant's motion to dismiss, Filing No. 11, is denied at this time and is subject to reassertion following discovery. The magistrate judge is ordered to progress this case and to expedite the discovery with regard to personal jurisdiction.

DATED this 3rd day of September, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.