IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN M. DENENBERG, | |
| Plaintiffs, | |
| v. | 8:09-cv-03182-JFB-FG3 |
| LED TECHNOLOGIES, LLC, a Colorado limited liability company, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court on the defendant's Motion to Compel (Doc. 45). The movant complied with the requirements of NECivR 7.0.1(i) and Fed. R. Civ. P. 37(a)(1). Plaintiff was granted an extension of time to March 11, 2011 to respond, but did not file any response to the Motion to Compel. On February 24, 2011, however, plaintiff filed a Motion to Join Party Defendants (Doc. 54), seeking leave to join the principals of the defendant (LEDT) "by reason of their vicarious liability." LEDT opposes the motion.

I. BACKGROUND

This is an action for copyright infringement. Plaintiff, a practicing facial plastic surgeon, alleges that LEDT used plaintiff's copyrighted photographs of patients upon whom plaintiff performed plastic surgery, in an attempt to market infrared lamps it sells through various distributors. In its answer, LEDT alleged that it "produces a light-emitting diode system that has been cleared by the United States Food and Drug Administration for the relaxation of muscles and relief of muscle spasms; temporary relief of minor muscle and joint aches, pains and stiffness; temporary relief of minor pain and stiffness associated with arthritis; and to temporarily increase local blood

circulation.... [and] further admits it has promoted light therapy for cosmetic benefits to the skin." Doc. 33, Answer at ¶ 6.

On September 3, 2010, Judge Bataillon denied LEDT's motion to dismiss the case for lack of personal jurisdiction, without prejudice to reassertion following discovery. The judge noted

> that the harm to the plaintiff occurred in Nebraska. The court believes there is "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim.... Plaintiff is entitled to further develop this evidence. It is plausible that following discovery plaintiff can produce evidence regarding the knowledge of the defendant and/or evidence of the relationship between the defendant and the third parties that would establish personal jurisdiction. If that does not occur, defendant is free to file an appropriate motion, and the court will consider the motion or a motion to transfer the case to Colorado.

Doc. 31 at p. 10. Thus, the issue of personal jurisdiction has not been entirely resolved, and it is appropriate for the parties to continue to conduct jurisdictional discovery. Indeed, the September 3, 2010 order ordered the magistrate judge "to progress this case and to expedite the discovery with regard to personal jurisdiction."

On October 19, 2010, defendant served plaintiff with interrogatories and requests for production of documents. LEDT now alleges that plaintiff failed to adequately respond to Interrogatories Nos. 1, 3, 4 and 6, and failed to adequately respond to Document Requests Nos. 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 18.

## II. DISCUSSION

**A. Defendant's Motion to Compel Discovery (Doc. 45)**

Under Fed. R. Civ. P. 26(b)(1), the parties to a lawsuit may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense[.]" The court has reviewed the discovery requests at issue, together with the defendant's supporting brief (Doc. 46), evidence index

(Doc. 47), and Plaintiff's Rule 26 Initial Disclosures (Doc. 38). Defendant's discovery requests all seek information relevant to the parties' claims and defenses–including the issue of personal jurisdiction, which is still pending in light of Judge Bataillon's September 3, 2010 ruling. The plaintiff did not respond to the Motion to Compel and the record does not show that plaintiff ever served any supplemental discovery responses.

The court finds that LEDT's Motion to Compel should be granted in its entirety. Plaintiff's objections based on overbreadth and an unidentified "privilege" are expressly overruled. **Plaintiff is given until April 15, 2011** to serve complete responses to all of the discovery requests that are the subject of the defendant's Motion to Compel. If plaintiff fails to do so, the defendant may file a motion for the court to impose specific sanctions pursuant to Fed. R. Civ. P. 37(b)(2). As discussed in the defendant's brief (Doc. 46), available sanctions include, but are not limited to, the entry of an order prohibiting the plaintiff from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. Fed. R. Civ. P. 37(b)(2)(A)(ii).

The court finds that an award of expenses and monetary sanctions should not be awarded against the plaintiff at this time. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

**B. Plaintiff's Motion to Join Party Defendants (Doc. 54)**

In accordance with Judge Bataillon's September 3, 2010 order, the undersigned magistrate judge entered a case progression order on September 7, 2010 providing, *inter alia*, that motions for leave to amend the pleadings must be filed on or before September 30, 2010. No party ever requested an extension of this deadline.

On February 24, 2011, in a two-sentence motion that was not briefed, the plaintiff sought leave to allow the filing of an amended complaint "Joining the Principals of Defendant by reason of

their vicarious liability in a copyright infringement action." The proposed amended complaint identifies these individuals as Ronald L. Ferguson and Brent Safer.

Plaintiff filed this lawsuit on August 26, 2009. By November 18, 2009, Messrs. Ferguson and Safer had identified themselves to the plaintiff as the sole members of LEDT in conjunction with LEDT's motion to dismiss for lack of personal jurisdiction. (Filing 13-1). Thus, the identities and roles of Ferguson and Safer were well known to the plaintiff over 10 months before the September 30, 2010 deadline expired. Thus, LEDT objected to plaintiff's motion because it was not timely made. (Doc. 55). Plaintiff then filed a reply brief complaining of the September 30, 2010 deadline and indicating it was necessary to join Ferguson and Safer as defendants so that plaintiff could evaluate the potential for settlement.

Under the local rules of practice, "[i]f the moving party does not file an initial brief, it may not file a reply brief without the court's leave." NECivR 7.0.1(c). Plaintiff did not file any initial brief and did not obtain leave of the court to file a reply brief. Under the circumstances, the court finds that plaintiff's reply brief (Doc. 56) should be disallowed and stricken from the record.

The Eighth Circuit has held that if a party moves for leave to amend a pleading after the deadline specified in the court's scheduling order has passed, the party must show cause to modify the schedule before the court may grant leave to amend. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). This rule reflects the plain language of Fed. R. Civ. P. 16(b)(3), which requires the district courts to issue a scheduling order limiting the time to amend the pleadings. The rule specifically provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'The primary measure of good cause is the movant's

diligence in attempting to meet the order's requirements.'" *Sherman*, 532 F.3d at 717 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)).

In this instance, the plaintiff's motion reflects a sudden change in litigation strategy but does not demonstrate any diligence in attempting to comply with the September 7, 2010 scheduling order. The court finds that plaintiff's motion should be denied.

## ORDER

1. Defendant's Motion to Compel Discovery (Doc. 45) is granted. **Plaintiff shall serve complete responses to all of Defendant's discovery requests no later than April 15, 2011.** If plaintiff fails to do so, the defendant may file a motion for the court to impose sanctions pursuant to Fed. R. Civ. P. 37(b)(2).

2. Plaintiff's Motion to Join Party Defendants (Doc. 54) is denied.

3. Plaintiff's reply brief (Doc. 56) is disallowed and is stricken from the record.

4. Defendant's Motion for leave to file a surreply brief (Doc. 58) is denied as moot.

**DATED: March 29, 2011.**

                                              **BY THE COURT:**

                                              s/ F.A. Gossett, III
                                              **United States Magistrate Judge**