IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN M. DENENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV3182 |
| | ) | |
| V. | ) | |
| | ) | |
| LED TECHNOLOGIES, LLC, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before the court on Defendant's motion for sanctions (filing 65). The motion will be granted, in part.

## BACKGROUND

    This is an action for copyright infringement. Plaintiff, a practicing facial plastic surgeon, claims that Defendant used his copyrighted photographs of patients upon whom Plaintiff performed plastic surgery, in an attempt to market infrared lamps it sells through various distributors.

    On October 19, 2010, Defendant served Interrogatories and Requests for Production of Documents on Plaintiff. Claiming Plaintiff's responses to the discovery requests were deficient, Defendant filed a motion to compel on December 8, 2010 (filing 45). Plaintiff did not respond to Defendant's motion. On March 29, 2011, the court entered an order granting, in its entirety, Defendant's motion to compel (filing 60). Plaintiff was ordered to serve complete responses to all of the discovery requests that were the subject of Defendant's motion to compel on or before April 15, 2011. (*Id.*) The court's order warned Plaintiff that if he failed to provide complete responses to the discovery requests, Defendant could file a motion for sanctions. (*Id.*)

    Defendant filed this motion on April 26, 2011, advising the court that Plaintiff did not serve supplemental responses to the discovery requests until April 21, 2011– six days after

the court-imposed deadline. Defendant also complains that Plaintiff's supplemental discovery responses are inadequate because they continue to be incomplete and reassert objections previously overruled by the court. Defendant requests that the court dismiss Plaintiff's complaint with prejudice and order Plaintiff to pay all costs and fees incurred by Defendant in connection with Defendant's motion to compel and motion for sanctions.

## DISCUSSION

Having reviewed the materials submitted by the parties, it is apparent that Plaintiff's discovery responses continue to be inadequate and that Plaintiff has failed to fully comply with the court's order on Defendant's motion to compel (filing 60). Not only was Plaintiff late in serving his supplemental discovery responses, but he also refused to produce certain documents, reasserting objections previously overruled by the court. (Filing 67-1.)

Moreover, in several instances, the supplemental responses that Plaintiff provided are unclear, incomplete or require additional explanation. For instance, Interrogatory No. 5 states:

> In Paragraph 7 of your Complaint, you allege the Defendant used your copyrighted photographs to sell its product. Identify all such instances when you claim the Defendant used your copyrighted photograph(s), including: (a) the nature of the advertisement (internet, print, TV, mailing, etc); (b) the earliest date you became aware said advertisement existed; (c) identify all persons who are known to have viewed the advertisement; and (d) identify where you saw the advertisement displayed (i.e., web site address, location of print advertisement, etc.).

(Filing 67-1 at CM/ECF pp. 3-4.) Plaintiff answered:

> Defendant used Plaintiff's copyrighted photographs on the internet, in print, for mailings and in informercials to sell their products and solicit agents to sell in other states. The photographs were used continuously since 2006 and probably before.
>
> It is impossible to identify all persons who saw the advertisements,

> infomercials, web site, etc. but judging from the fact that Defendant has been in contact with over 300 agents and has sold over 14,000 LED's, it is likely to exceed an estimated 1,000,000 persons.

(Filing 67-1 at CM/ECF p. 4.) Plaintiff's response fails to state when he became aware of each alleged use of his copyrighted photographs and, additionally, fails to identify all persons who are known to have viewed the advertisements. Although, in response to this motion, Plaintiff argues that he does not know the names of all the people who viewed the ads, this circumstance does not excuse Plaintiff from identifying all known individuals who have seen them.

Interrogatory No. 7 asks whether Plaintiff contends that any employee of LED Technologies, LLC ever visited Plaintiff's web site prior to receiving Plaintiff's copyright infringement allegations and, if so, to state all facts and identify all documents which support the contention. (Filing 67-1 at CM/ECF p. 4.) Plaintiff simply responded: "Yes. See Defendant's web site, infomercials and agent solicitations." *Id*. Again, this answer is clearly incomplete, as demonstrated by the fact that Plaintiff provided a better, more complete, answer in response to Defendant's present motion for sanctions. (Filing 71 at CM/ECF pp. 7-8.)

The court concludes that sanctions are appropriate. Plaintiff will be ordered to pay a reasonable portion of the costs Defendant incurred in bringing this motion for sanctions. Defendant is directed to file an itemization of costs associated with this motion on or before July 11, 2011. Upon receipt, the court will review the expenses and determine a reasonable amount, given the circumstances here, to award to Defendant.

The court declines to dismiss this case as requested by Defendant at this time.

**IT IS ORDERED:**

1. Defendant's motion for sanctions (filing 65) is granted, in part.

2. Plaintiff will be ordered to pay a reasonable portion of the costs Defendant

incurred in bringing this motion. Defendant shall file an itemization of costs associated with this motion on or before July 11, 2011.

**DATED June 27, 2011.**

        **BY THE COURT:**

        S/ F.A. Gossett
        **United States Magistrate Judge**