IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN M. DENENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV3182 |
| | ) | |
| V. | ) | |
| | ) | |
| LED TECHNOLOGIES, LLC, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant's Second Motion for Sanctions, or in the Alternative, Second Motion to Compel (filing 115). Defendant's Motion will be granted, in part.

## BACKGROUND

On October 19, 2010, Defendant served Interrogatories and Requests for Production of Documents on Plaintiff. On December 8, 2010, Defendant filed a motion to compel with respect to these discovery requests. (Filing 45.) Plaintiff did not respond to the motion and, on March 29, 2011, the court entered an order granting Defendant's motion to compel in its entirety. (Filing 60.) Plaintiff was ordered to serve complete responses to all of the discovery requests that were the subject of Defendant's motion to compel on or before April 15, 2011. (*Id.*)

Defendant filed a motion for sanctions (filing 65) on April 26, 2011, advising the court that Plaintiff's supplemental discovery responses were inadequate because they were incomplete and reasserted objections previously overruled by the court. After reviewing the matter, the court agreed with Defendant and ordered that Plaintiff would be required to pay a reasonable portion of the costs Defendant incurred in bringing the motion for sanctions. (Filing 85.)

On August 1, 2011, Defendant filed the present motion complaining that Plaintiff's responses to its Interrogatories and Requests for Production of Documents remain deficient

and requesting that Plaintiff's complaint be dismissed or, alternatively, that Plaintiff again be ordered to supplement his discovery responses.

## **DISCUSSION**

**1.    Defendant's Second Motion for Sanctions, or in the Alternative, Second Motion to Compel**

Defendant maintains that Plaintiff has failed to appropriately respond to several discovery requests. The requests claimed to be lacking a proper response will be discussed in turn below.

### *A.    Document Production Request No. 9 and Interrogatory 3(d)*

Plaintiff has wholly refused to respond to Document Product Request No. 9 and Interrogatory 3(d). These requests ask Plaintiff to produce "[a]ll patient releases and/or consent forms granting [Plaintiff] the right to display photographs on [Plaintiff's] website" and to provide the name and contact information for each person who appears in each copyrighted photograph that was allegedly infringed. (Filing 117.) The court, in an order dated March 29, 2011, expressly overruled Plaintiff's objections to these requests, which were based on overbreadth and an unidentified privilege, and directed Plaintiff to produce the information and documents sought by these requests. (Filing 60.) Plaintiff has not done so.

Apparently, Plaintiff believes that since he clarified his objections to these requests in his amended discovery responses, he has complied with the court's March 29, 2011 order. (Filing 124 at CM/ECF pp. 9-11.) Plaintiff is sorely mistaken. The court ordered Plaintiff to respond to these requests. Plaintiff is not afforded another opportunity to shield this information from disclosure simply by providing a more-detailed objection. Plaintiff shall produce all the documents and information responsive to these requests by October 17, 2011. Failure to do so will result in severe sanctions, potentially including dismissal of this suit.

### B.     *Interrogatory 3(c) and 3(e)*

Interrogatory 3(c) asks Plaintiff to identify the date that each photograph Plaintiff claims was infringed by Defendant was taken. Interrogatory 3(e) asks for the date when each allegedly-infringed photograph first appeared on Plaintiff's website. (Filing 117-1.) Although being previously-ordered to do so, Plaintiff has failed to completely respond to these requests.

Plaintiff's amended response to Interrogatory 3(c) remains deficient because Plaintiff has yet to supply the requested information for *each individual photograph*. Specifically, Plaintiff has only identified the dates that the "after" photographs were taken, and has not provided the dates when the "before" photographs were taken. (Filing 128-1.) Thus, Plaintiff has only responded to half of this request.

In his response to the present motion, Plaintiff represents that the "before" photographs were taken six to twelve months prior to the "after" photographs. (Filing 130 at CM/ECF p. 4.) The court notes that this response is insufficient. If Plaintiff does not know the exact date when each of the "before" photographs were taken, he must say so in an actual discovery response. In other words, the inclusion of this information in his brief does not relieve Plaintiff of the obligation to submit a formal, complete, response.

Likewise, Interrogatory 3(e) has not been adequately answered because Plaintiff has only supplied the "date of first publication," as opposed to the date each photograph first appeared on Plaintiff's website. If each photograph's date of first publication is the same date that the photo appeared on Plaintiff's website, he shall explicitly say so in a formal discovery response.

### C.     *Interrogatory No. 5*

Interrogatory No. 5 asks Plaintiff to "[i]dentify all such instances when you claim the Defendant used your copyrighted photograph(s), including: (a) the nature of the advertisement (internet, print, TV, mailing, etc); (b) the earliest date you became aware said advertisement existed; (c) identify all persons who are known to have viewed the

advertisement; and (d) identify where you saw the advertisement displayed (i.e., website address, location of print advertisement, etc.)." (Filing 117-1.)

Plaintiff argues that Interrogatory No. 5 was not subject to Defendant's motion to compel and, therefore, he is under no court-imposed obligation to supplement his response. Plaintiff is correct that Defendant's first motion to compel (filing 45) did not specifically request supplementation of this interrogatory. Still, the court's order on Defendant's motion for sanctions (filing 85) pointed out that Plaintiff's response to Interrogatory No. 5 was deficient. The court's order states that "Plaintiff response fails to state when he became aware of each alleged use of his copyrighted photographs and, additionally, fails to identify all persons who are known to have viewed the advertisements." (Filing 85). Thus, Plaintiff was aware, following the court's ruling on Defendant's initial motion for sanctions, that this response required supplementation.

In any event, after responding to Defendant's present motion, Plaintiff did provide an additional response to this interrogatory. (Filing 128.) However, Plaintiff's supplemental response is unclear, provides irrelevant information and does not cure many of the previously-identified deficiencies. For instance, Plaintiff's supplemental response states that Plaintiff saw his copyrighted photographs displayed on the websites of 63 of Defendant's distributors, and indicates that the names of these distributors are listed on an attached exhibit. (*Id*.) However, the attachment does not name any distributors, but only provides a list of websites which, in many instances, appear to have no relation to Defendant. (Filing 117-1.) Moreover, Plaintiff has not identified when he became aware that each advertisement existed and has not identified specific individuals *who he knows* viewed *each* of the allegedly infringing ads.

In responding to this interrogatory, Plaintiff needs to be more specific and organized. For instance, and just by way of example, if Plaintiff contends that a distributor (who is actually affiliated with Defendant) used his photographs in an advertisement on a particular website, Plaintiff must state (a) the website address; (b) specific persons known by Plaintiff to have viewed the advertisement on that particular website and (c) when Plaintiff first became aware that the pictures were being used *on that website*. Plaintiff cannot lump information together and expect Defendant to make sense of it.

**D.     *Interrogatory No. 7***

Interrogatory No 7 asks whether Plaintiff contends that Defendant's employees visited Plaintiff's website prior to receiving Plaintiff's infringement allegations and, if so, to identify all facts and documents supporting this contention. (Filing 47.) Plaintiff's initial response to this interrogatory was as follows: "Yes. See Defendant's website, infomercials and agent solicitations." (*Id*. at CM/ECF p. 6-7.) Plaintiff's most-recent response to this interrogatory is improved, however, the new response omits any reference to the previously-mentioned "agent solicitations." (Filing 128-1 at CM/ECF p. 3.)

By or before October 17, 2011, Plaintiff shall supplement his response to Interrogatory No. 7 so as to identify and provide information regarding the previously-referenced "agent solicitations." By said date, Plaintiff shall also produce copies of any such "agent solicitations."

**E.     *Request for Production No. 6***

The dispute surrounding Request No. 6, which asks Defendant to produce correspondence with third parties, centers around email correspondence Plaintiff received from a company called PicScout. PicScout allegedly notified Plaintiff of Defendant's use of Plaintiff's photographs. Initially, Plaintiff informed Defendant and the court that he was unable to produce this correspondence because he had not retained a copy of it. (Filing 71 at CM/ECF p. 5.) Plaintiff has since located the email correspondence it received from PicScout and has produced a hard copy of the transmittal email. However, the transmittal email shows a link to a report containing information regarding the alleged infringement and this report has not been produced. (Filing 125-1 at CM/ECF p. 5.) Plaintiff shall provide Defendant with a copy of the report on or before October 17, 2011.

**F.     *Request for Production No. 13***

Request for Production No. 13 asks Plaintiff to produce all documents that evidence the dates that Plaintiff claims Defendant used Plaintiff's photographs in its advertising. Plaintiff's most recent response to this Request is as follows: "Only Defendant has

5

documents to show where they ran the infomercials, distributed printed matter and solicited dealers. Since Defendant has admitted their use of these items from Mid 2005 until August 2009, every day during this approximately 4 year period would be a date when Defendant used the copyrighted photographs in its advertising." (Filing 128-1 at CM/ECF p. 4.) Plaintiff's brief in opposition to the present motion indicates that Plaintiff's response to this discovery request should be interpreted to mean "none." (Filing 130 at CM/ECF p. 6.) However, if this is the case, and no such documents exist, Plaintiff must actually say so. Plaintiff's current response sets forth a series of allegations, but does not *directly* answer the question asked. Plaintiff's response is clearly evasive.

### G. *Request for Production No. 16*

Request No. 16 asks that Plaintiff produce "[a]ll discovery responses prepared by you or on your behalf in any copyright infringement case relating to any of the three copyrights referenced in your Complaint in this action." (Filing 47 at CM/ECF p. 12.) Plaintiff initially objected to this request on the ground that it was overlybroad and responding would be unduly burdensome. (*Id.*) Later, Plaintiff represented to the court that he had conducted a diligent review of his files, and could not locate any responsive documents. (Filing 71 at CM/ECF pp. 4-5.) Plaintiff's amended discovery responses also indicate that Plaintiff has not located any documents responsive to this request. (Filing 130 at CM/ECF p. 6.)

Defendant remains concerned that Plaintiff has not conducted a diligent search of his records and, instead, has limited his search to the files and records maintained by his attorney. (Filing 117-6 p. 4.) The court has no knowledge of the extent of Plaintiff's search. However, if Plaintiff has not reviewed his personal files and records in an effort to respond to this request, he shall do so and provide Defendant with all responsive documents found by October 17, 2011.

### 2. **Appropriate Sanctions**

The court believes that a form of sanction, short of dismissal, is warranted. Plaintiff has made some effort at supplementing his responses and has at least *expressed* a willingness to resolve the discovery dispute. Nevertheless, despite having the deficiencies to his

6

responses explained to him by both defense counsel and the court, he still has been unable to provide adequate responses. Plaintiff's responses continue to be incomplete, at times evasive, and, in some places, disorganized and difficult to decipher. What is particularly troubling is Plaintiff's refusal to respond to Document Production Request 9 and Interrogatory 3(d), despite having been ordered to do so approximately six months ago and having had sanctions previously imposed. Defendant should not be put to the task of filing multiple motions in an effort to obtain documents and information that Plaintiff was previously ordered to supply. Plaintiff will be ordered to pay the reasonable fees Defendant has incurred in bringing the instant motion (filing 115).

The court notes that Plaintiff spends much time in his briefs complaining about defense counsel's failure to confer or cooperate in resolving the discovery disputes. The court believes, however, that defense counsel has been more than accommodating. The discovery requests were served almost a year ago, but the requests have yet to be adequately answered. Defense counsel has thoroughly explained, in both correspondence with Plaintiff's counsel and numerous court briefs, the deficiencies in Plaintiff's responses. (Filing 117-9.) Any arguments regarding defense counsel's refusal to cooperate in resolving this on-going discovery dispute are simply without merit.

3.  **Assessment of Costs in Connection with Defendant's Initial Motion for Sanctions**

The court previously ordered that Plaintiff was to pay a reasonable portion of the costs Defendant incurred in asserting its initial motion for sanctions and directed defense counsel to submit an itemization of costs. (Filing 85.) Defense counsel has done so and has attested to incurring costs and fees in the amount of $3,763.99 in connection with the motion for sanctions. (Filing 90.) The court concludes that this amount is reasonable and, accordingly, Plaintiff will be ordered to pay Defendant the sum of $3,763.99.

**IT IS ORDERED:**

1. Defendant's Second Motion for Sanctions, or in the Alternative, Second Motion to Compel (filing 115) is granted, in part.

2.  Plaintiff shall submit signed, sworn and complete responses to Interrogatory Nos. 3, 5, 7 and Request for Production of Documents Nos. 6, 9, 13 and 16 by October 17, 2011. Failure to do so will result in the imposition of severe sanctions and potential dismissal of this suit.

3.  Defendant is entitled to an award of costs and attorney's fees incurred in bringing its Second Motion for Sanctions, or in the Alternative, Second Motion to Compel (filing 115). The parties shall be heard on the matter of costs as follows:

    a.  Defendant shall file an application for attorney's fees, together with an affidavit attesting to the time and expenses incurred in preparing its Second Motion for Sanctions, or in the Alternative, Second Motion to Compel, on or before October 21, 2011.

    b.  Plaintiff shall serve and file a response, if any, to Defendant's application for attorney's fees on or before November 4, 2011, at which time the issue of costs will be deemed submitted and a written order entered.

4.  Plaintiff shall pay Defendant the amount of $3,763.99 in connection with the court's June 27, 2011 order (filing 85). Said amount shall be paid or offset at the time of final judgment in this case.

5.  A status conference will be scheduled, if necessary, following the court's ruling on Defendant's Motion to Dismiss (filing 68). Plaintiff's Motion for Summary Judgment will continue to be held in abeyance.

**DATED October 7, 2011.**

            **BY THE COURT:**

            **S/ F.A. Gossett**
            **United States Magistrate Judge**

## NOTICE

A party may object to a magistrate judge's order by filing a Statement of Objections to Magistrate Judge's Order. Any objection to this order must be submitted on or before October 14, 2011. The objecting party must comply with the requirements of NECivR 72.2.