IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN M. DENENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV3182 |
| | ) | |
| V. | ) | |
| | ) | |
| LED TECHNOLOGIES, LLC, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's Motion to Reconsider Sanctions (filing 134). Plaintiff requests that the court reconsider its October 7, 2011 order (filing 132) imposing sanctions on Plaintiff for failure to properly respond to discovery requests and comply with previous court orders. For the reasons set forth below, Plaintiff's Motion will be denied.

### BACKGROUND

On October 19, 2010, Defendant served Interrogatories and Requests for Production of Documents on Plaintiff. On December 8, 2010, Defendant filed a motion to compel with respect to these discovery requests. (Filing 45.) Plaintiff did not respond to the motion and, on March 29, 2011, the court entered an order granting Defendant's motion to compel in its entirety. (Filing 60.) Plaintiff was ordered to serve complete responses to Defendant's discovery requests on or before April 15, 2011. (Id.)

Defendant filed a motion for sanctions (filing 65) on April 26, 2011, advising the court that Plaintiff's supplemental discovery responses were inadequate because they were incomplete and reasserted objections previously overruled by the court. After reviewing the matter, the court agreed with Defendant and ordered that Plaintiff would be required to pay a reasonable portion of the costs Defendant incurred in bringing the motion for sanctions. (Filing 85.)

On August 1, 2011, Defendant filed a second motion for sanctions, or in the alternative, second motion to compel (filing 115) complaining that Plaintiff's responses to its discovery requests remained deficient. Defendant requested that Plaintiff's complaint be dismissed or, alternatively, that Plaintiff again be ordered to supplement his discovery responses.

On October 7, 2011, the court entered an order granting Defendant's motion, in part. (Filing 132.) The court declined to dismiss the case, but ordered Plaintiff to submit signed, sworn and complete responses to Interrogatory Nos. 3, 5, 7 and Request for Production of Documents Nos. 6, 9, 13 and 16. The court also concluded that Defendant was entitled to an award of costs and attorney's fees incurred in bringing its motion and ordered that Defendant file an application for attorney's fees and that Plaintiff file a response to Defendant's application by or before November 4, 2011.[1] Additionally, the court ordered that Plaintiff pay Defendant the amount of $3,763.99 in connection with the court's ruling on Defendant's initial motion for sanctions. (Filing 85.)

## ANALYSIS

Plaintiff has requested that the court reconsider its October 7, 2011 order imposing sanctions on Plaintiff for failing to comply with discovery requests.[2] In support of his motion, Plaintiff argues that Defendant's initial motion to compel did not relate to Interrogatory Nos. 5 and 7 and, therefore, he should not be sanctioned for failing to supplement these interrogatories. As mentioned in the court's October 7, 2011 order, the

---

[1] As ordered, Defendant has filed an application for fees and Plaintiff has submitted a response. A ruling with respect to the proper amount to be awarded to Defendant is contained herein.

[2] Plaintiff's brief (filing 135 at CM/ECF p. 2) in support of the instant motion contains an assertion that the court failed to rule on Plaintiff's Motion Requesting Permission for Plaintiff to File a Response to Defendant's Reply Brief. (Filing 129.) However, the day following the filing of the motion, the court entered a text order granting Plaintiff's motion and taking notice of the brief Plaintiff submitted in response to Defendant's reply brief. (Filing 131.)

court recognizes that Defendant's initial motion to compel did not specifically mention Interrogatory Nos. 5 and 7. (Filing 132.) However, the basis for the court's imposition of sanctions in its October 7, 2011 order, as well as its imposition of sanctions in its June 27, 2011 order (filing 85), primarily related to Plaintiff's refusal to properly respond to Interrogatory No. 3 and Request for Production of Documents No. 9, despite being previously ordered by the court to do so. (Filing 85.) Additionally, several Requests for Production of Documents were the subject of each of Defendant's motion for sanctions. Defendant did not file its motions for sanctions merely because Plaintiff failed to supplement a few interrogatories. Therefore, the court will not modify its October 7, 2011 order on this basis.

Although unclear, Plaintiff also appears to argue that the court's October 7, 2011 order imposing sanctions should be set aside because, after entry of the order, Plaintiff supplemented his discovery responses. The court rejects this argument. Plaintiff's decision to provide supplemental responses does not change the fact that Defendant incurred significant legal fees in an attempt to obtain full and complete responses from Plaintiff. Further, Plaintiff's recent supplemental responses are, again, difficult to understand and full of legal argument inappropriately addressed to the court. (Filing 137-3.)

For the reasons set forth herein, as well as the court's October 7, 2011 order, the court concludes that the imposition of sanctions on Plaintiff is proper. Accordingly, the court will not modify its previous findings.

Finally, the court turns its attention to Defendant's application for attorney's fees (filing 139). Defense counsel represents that the total costs and fees incurred by Defendant in connection with Defendant's second motion for sanctions, through the date of the court's order awarding sanctions, is $3,512.48. (*Id.*) Defendant also claims that Defendant has incurred costs in the amount of $292.50 in responding to Plaintiff's motion for reconsideration. (*Id.*)

In response to Defendant's application, Plaintiff argues that the affidavit Defendant submitted in support of its application for costs and fees contains false statements. (Filing

145.) Paragraph 5 of defense counsel's affidavit states that he corresponded with Plaintiff's counsel on June 28, July 11, July 13, July 18, July 22, July 24, July 25, July 27, July 28 and July 29, 2011. (Filing 139.) Plaintiff argues that defense counsel did not correspond with Plaintiff's counsel on July 22, 24 and 29, 2011, as claimed. However, other than his bare assertions, Plaintiff's counsel has submitted no evidence giving the court reason to doubt defense counsel's representations. Also, defense counsel previously submitted correspondence dated July 29, 2011, that he received from Plaintiff's counsel. (Filing 117-10.) Clearly, there was correspondence between the parties' counsel on that date. Therefore, the court finds Plaintiff's allegations regarding the falsity of statements contained in defense counsel's affidavit without merit.

Plaintiff also again argues that sanctions are inappropriate because "almost all" of the complained-of discovery was fully answered and that defense counsel has refused to attempt to resolve the discovery issues. (Filing 145 at CM/ECF p. 1.) Plaintiff's assertion that he has responded to most of the discovery requests does not support a finding that an award of sanctions is unreasonable given the circumstances of this case. Moreover, the court previously addressed Plaintiff's arguments regarding defense counsel's failure to cooperate and have found them without merit. The court reiterates its belief that defense counsel has been more than accommodating in seeking responses to discovery requests that were served a year ago.

The court concludes that an award of $3,512.48 in connection with Defendant's second motion for sanctions is reasonable and appropriate. The court declines to award Defendant the costs it incurred in responding to Plaintiff's motion for reconsideration. Defendant further asks that the court require Plaintiff to make payment of the sanctioned amount immediately, rather than allowing the amount to be paid or offset at the time of final judgment in this action. This request will be denied.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to Reconsider Sanctions (filing 134) is denied.

2. Plaintiff shall pay Defendant the amount of $3,512.48 in connection with the court's October 7, 2011 order (filing 132).  Said amount shall be paid or offset at the time of final judgment in this case.

**DATED November 15, 2011.**

          **BY THE COURT:**

          **S/ F.A. Gossett**
          **United States Magistrate Judge**